## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH BRICE FLORES,**

     **Plaintiff,**

     v.                         **CASE NO. 20-3148-SAC**

**KEVIN FRIEND, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Joseph Brice Flores is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper amended complaint to cure the deficiencies.

### 1. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Linn County Jail in Mound City, Kansas ("LCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff includes three counts in his Complaint. In Count I, he alleges that on or about November 1, 2017, he was raped by another inmate or inmates at the LCJ. Plaintiff claims that "[n]o Prison Rape Elimination Act is available to report sexual assault at the jail." Complaint, ECF No. 1, at 3.

In Count II, Plaintiff complains that on April 20, 2020, a leaking toilet caused him to slip and fall, injuring himself. He was seen by a nurse practitioner at the LCJ who told him his injuries were minor and he would be fine. Plaintiff asserts that the nurse practitioner should have ordered

x-rays, a CAT scan, or some other diagnostic test.  He states he continues to suffer back pain and "is still being deprived of proper medical attention."  Complaint, ECF No. 1, at 7.

Last, in Count III, Plaintiff complains Danny McCullough, a county commissioner, abated black mold at the LCJ by using a power washer.  Plaintiff alleges he was inside the jail at the time and was not provided with a mask or other protective gear.

Plaintiff names as defendant Kevin Friend, Sheriff of Linn County.  Plaintiff seeks $10 million in compensatory damages and $10 million in punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Statute of Limitations

In Count I, Plaintiff alleges he was raped at the LCJ in November of 2017, and the LCJ did not have a way for him to report the incident anonymously as required by the PREA.  Count I is subject to dismissal because it is untimely.  The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008).  The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted).  In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

It plainly appears from the face of the Complaint that Count I is subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his complaint on May 29,

2020.  Plaintiff's claim accrued when he was raped in November, 2017, more than two years prior to the filing date of this Complaint.  Consequently, unless tolling applies, Plaintiff's claim is untimely.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling.  *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995).  The plaintiff has the burden of establishing a factual basis for tolling the limitations period.  *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007).  Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released).  K.S.A. 60–515(a).  However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a).  Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something that Mr. Cribbs has not claimed.  *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay

bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)).  The record fails to support a claim that Defendant affirmatively induced Plaintiff into delaying his filing of this suit.

In addition, at least one Kansas appellate court has applied the equitable tolling standard for habeas cases in the context of a § 1983 action.  *See McClain,* 2013 WL 3970215 at *3.  That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing.  *McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)).  Plaintiff does not demonstrate any extraordinary circumstance that would entitle him to equitable tolling of the limitation period.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Fogle,* 435 F.3d at 1258.  Because Plaintiff did not file his claim within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling the limitation period, Count I of Plaintiff's Complaint is subject to dismissal as barred by the statute of limitations.

**2.  PREA**

Even if Count I of Plaintiff's Complaint was not barred by the statute of limitations, Plaintiff cannot sue for violation of the PREA.  The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983.  *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01063, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No.

4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. 2009)(collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).   "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)).   The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on an alleged failure to comply with the PREA.

### 3.  Medical Care

In Count II of his Complaint, Plaintiff complains about the medical care he received after a fall in April, 2020.  Claims related to medical care in prison fall under the Eighth Amendment. In the Tenth Circuit, a pretrial detainee's due process rights parallel that of an inmate's Eight Amendment rights.  *Lopez v. LeMaster,* 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979)).  An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

Here, Plaintiff received medical attention.  While he disagrees with the assessment and treatment provided by the medical staff, a mere difference of opinion between the inmate and

prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.).

Plaintiff also makes a vague allegation that he "is still being deprived of proper medical attention." Plaintiff has not provided factual allegations as to whether he submitted a sick call form, what medical help he requested, and who denied him medical care. Any amended complaint must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation. He has not done so in his Complaint.

### 4. Black Mold

Plaintiff complains that he was not given safety equipment when black mold was removed from the LCJ. A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez*, 430 F.3d at 1304. The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle*, 429 U.S. at 103. The Supreme Court has acknowledged that the Constitution "'does not mandate

comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id.*  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"  *Id.*  It is not enough to establish that the official should have known of the risk of harm.  *Id.*

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered."  *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).  "While no single factor controls ... the length of exposure to the conditions is often of prime importance."  *Id.*  As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional

violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations ...' may meet the standard despite a shorter duration." *Id.* (citations omitted).

Plaintiff's allegations regarding mold are sparse and completely conclusory. Plaintiff does not claim the mold has been determined to be toxic "black mold," as opposed to mold that is simply black in color. *See Silsby v. Sloan*, 2019 WL 2107321, *3 (N.D. Ohio May 14, 2019). Plaintiff does not state how or how long he was exposed to the alleged conditions. He does not describe the extent of the mold. A "bare allegation of [the presence of] mold ... does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)).

Plaintiff's allegations do not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The mere presence of mold does not suggest the LCJ contravenes society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346. Count III of the Complaint is subject to dismissal for failure to state a claim.

### 5. Personal Participation

Plaintiff has failed to allege how the defendant personally participated in any of the alleged deprivations of his constitutional rights. Plaintiff's Complaint does not mention Defendant Friend in the body of the Complaint. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210,

1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision."  *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Because Plaintiff has not alleged the personal participation or supervisory liability of the only named defendant, the Complaint is subject to dismissal.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the

reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 26, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 26, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement (ECF No. 6) is granted.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3148-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 29, 2021, in Topeka, Kansas.**


**s/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**