IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH BRICE FLORES,

                **Plaintiff,**

v.                                                  CASE NO. 20-3148-SAC

KEVIN FRIEND, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated January 29, 2021 (ECF No. 9; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. Before the Court is Plaintiff's Amended Complaint (ECF No. 10), filed in response to the MOSC.

The MOSC found that Count I of the Complaint, which alleged Plaintiff was raped at the Linn County Jail ("LCJ") in November of 2017, and the LCJ did not have a way for him to report the incident anonymously as required by the PREA, was subject to dismissal as barred by the statute of limitations (MOSC, at 8-10). In response, Plaintiff did not include a claim based on the rape in the Amended Complaint, but he continues to assert as Count I that "[n]o PREA is available to report sexual assaults or situations." (Amended Complaint, ECF No. 10, at 4.)

As explained in the MOSC, the PREA does not contain a private right of action, and courts have declined to find that plaintiffs can sue for violation of the PREA under § 1983. *See Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012);

1

*see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01063, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No. 4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. 2009)(collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on an alleged failure to comply with the PREA. Count I of the Amended Complaint fails to state a claim.

Count II of the Complaint objected to the medical care Plaintiff received after a slip and fall. The MOSC states that Plaintiff's allegations show that he received medical attention but disagreed with the assessment and treatment provided by the medical staff. The Court found a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. (MOSC, at 8.)

In the Amended Complaint, Plaintiff retains the claim. (Count III, ECF No. 10, at 5.) He adds allegations that the LCJ would not follow up with medication, an appointment with an orthopedic surgeon, or by providing him with a cane or wheelchair (Amended Complaint, ECF No. 10, at 5). These assertions continue to demonstrate a difference of opinion about the care Plaintiff should receive and do not state a claim for an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 106-107 (1976); *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992); and *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984). Moreover, Plaintiff fails to allege the personal involvement of either of the named defendants as required to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Count III of the Complaint alleged Plaintiff was not given safety equipment when black mold was removed from the LCJ. The MOSC found Plaintiff's allegations did not describe the types of "extreme deprivations" that violate the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Count II of the Amended Complaint makes the same black mold claim without adding anything meaningful. Furthermore, neither named defendant is mentioned as personally involved in the alleged violation.

Because Plaintiff's Amended Complaint fails to state a claim on which relief may be granted, the Amended Complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (ECF No. 10) is dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED: This 4th day of October, 2021, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**